# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **RICHARD J. LACHANCE**, <br><br> PLAINTIFF, <br><br> v. <br><br> **NORTHSTAR LOCATION SERVICES, LLC** and **BARCLAYS BANK DELAWARE**, <br><br> DEFENDANTS. | Case No.: _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW the above-named Plaintiff, by and through the undersigned counsel, and hereby files this Complaint for violations of the Fair Debt Collection Practices Act and Georgia's Fair Business Practices Act against the above-named Defendants. In support hereof, Plaintiff shows this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This action arises out of Defendants' illegal and improper efforts to collect a consumer debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* (the "FBPA"), and Plaintiff's claims under these statutes are so related that they form the same case or controversy.

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367.

3. This Court has personal jurisdiction over the Defendants for the purposes of this action because the Defendants transacts business in the State of Georgia and the committed acts that form the basis for this suit occurred within the State of Georgia.

4. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District and Defendants regularly seek to collect debts from consumers residing in this District and in the Atlanta Division.

## PARTIES

5. Plaintiff is a natural person who is a resident of Gwinnett County, Georgia, and is a "consumer" as is defined by 15 U.S.C. § 1692a(3), and a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6. Plaintiff is a "consumer" as that term is defined by O.G.C.A. § 10-1-392(a)(6).

7. Defendant NORTHSTAR LOCATION SERVICES, LLC is a Limited Liability Company organized under the laws of the State of New York and does business within the State of Georgia, particularly within Gwinnett County, Georgia.

8. Defendant NORTHSTAR LOCATION SERVICES, LLC has no registered agent but has a physical address for service at 4285 Genesee Street, Cheektowaga, New York, 14225 and a principal place of business at the same address. The Summons and Complaint may be served on Defendant at said address or wherever it may be found.

9. Defendant NORTHSTAR LOCATION SERVICES, LLC is a debt collection company operating within, and actively collecting consumer debts in, the State

of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant NORTHSTAR LOCATION SERVICES, LLC is in the business of debt collection.

11. Defendant NORTHSTAR LOCATION SERVICES, LLC is licensed as a collection agency by the Department of Consumer Affairs, the City of New York, License #1179143.

12. Defendant NORTHSTAR LOCATION SERVICES, LLC prominently holds itself out as a debt collector on its public website located at https://www.gotonls.com/.

13. Defendant NORTHSTAR LOCATION SERVICES, LLC uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

14. Defendant NORTHSTAR LOCATION SERVICES, LLC directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia and in this judicial district.

15. Defendant NORTHSTAR LOCATION SERVICES, LLC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. Defendant NORTHSTAR LOCATION SERVICES, LLC holds itself out to the public as a company that frequently collects or attempts to collect debts on behalf of its clients.

17. The vast majority of Defendant NORTHSTAR LOCATION SERVICES, LLC's income is derived from debt collection.

18. Defendant NORTHSTAR LOCATION SERVICES, LLC's principle purpose is the collection of debts.

19. Defendant BARCLAYS BANK DELAWARE is a bank organized under the laws of the United States and does business within the State of Georgia, particularly within Gwinnett County, Georgia.

20. Defendant BARCLAYS BANK DELAWARE has a physical address for service at 125 South West Street, Wilmington, Delaware, 19801 and a principal place of business at the same address. The Summons and Complaint may be served on Defendant BARCLAYS BANK DELAWARE at said address or wherever it may be found.

21. At all material times referenced in this Complaint, Defendant NORTHSTAR LOCATION SERVICES, LLC was acting as an agent of Defendant BARCLAYS BANK DELAWARE.

22. At all material times referenced in this Complaint, Defendant BARCLAYS BANK DELAWARE exercised control over the actions of Defendant NORTHSTAR LOCATION SERVICES, LLC.

## FACTS RELEVANT TO ALL COUNTS

23. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692(a)(3), as he is a natural person who Defendants alleged was obligated to pay a consumer debt.

24. Plaintiff allegedly incurred a financial obligation for the use of a consumer credit card issued by Barclays Bank Delaware which Defendants allege has a balance of $2,235.49 (the "Debt").

25. The Debt is alleged to have arisen from one or more transactions.

26. The Debt was primarily for personal, family, or household purposes.

27. The Debt was in default at the time Defendants attempted to collect it.
28. On or about July 6, 2020, Plaintiff received a dunning letter from Defendant NORTHSTAR LOCATION SERVICES, LLC (the "Dunning Letter"). A true and correct copy of the Dunning Letter is attached hereto as Exhibit "A."
29. On or about 1:16 P.M. on July 8, 2020, Defendant NORTHSTAR LOCATION SERVICES, LLC contacted Plaintiff's brother Michael LaChance on his personal cell phone three (3) times in attempt to collect the Debt.
30. Michael LaChance informed Defendant NORTHSTAR LOCATION SERVICES, LLC that they were calling Michael LaChance, that the cell phone number they were calling did not belong to Plaintiff, and to please not call Michael LaChance's personal cell phone about the Debt.
31. Defendant NORTHSTAR LOCATION SERVICES, LLC did not listen to Michael LaChance but instead continued to harass him about the Debt, calling him on or about the following additional times: once at 9:29 A.M. on July 15, 2020; once at 8:33 A.M. on July 20, 2020, once at 8:03 A.M. on July 21, 202, and twice at 9:52 A.M. on July 23, 2020.
32. In its calls, Defendant NORTHSTAR LOCATION SERVICES, LLC told Michael LaChance about the Debt.
33. On July 28, 2020 Plaintiff's counsel sent a letter on behalf of Plaintiff to Defendant NORTHSTAR LOCATION SERVICES, LLC via certified mail requesting validation of the Debt pursuant to FDCPA § 1692(g) (the "Validation Letter"). A true and correct copy of the Validation Letter is attached hereto as Exhibit "B."

34. Defendant NORTHSTAR LOCATION SERVICES, LLC received the Validation Letter on July 31, 2020. A true and correct copy of the United States Postal Service's proof of delivery is attached hereto as Exhibit "C."

35. As of the date of filing this Complaint, Defendant NORTHSTAR LOCATION SERVICES, LLC has not responded to the Validation Letter.

36. Upon hearing that a debt collector was calling his brother, Plaintiff suffered incredible emotional distress and embarrassment.

37. Plaintiff's emotional distress and embarrassment continued each time Defendant NORTHSTAR LOCATION SERVICES, LLC made additional calls to his brother.

38. Because of Defendant NORTHSTAR LOCATION SERVICES, LLC's continued harassment of Plaintiff's brother about the Debt, Plaintiff was forced to spend time and money to make them stop, including hiring an attorney to investigate and stop the illegal collections efforts.

39. Even after hiring his attorney, Plaintiff's emotional distress remains because he is unsure of the status of the Debt and its legitimacy due to Defendant NORTHSTAR LOCATION SERVICES, LLC's stubborn refusal to validate the Debt.

40. In their attempts to collect the Debt, Defendant NORTHSTAR LOCATION SERVICES, LLC violated the FDCPA and both Defendants violated the FBPA.

## COUNT I
## Violation of FDCPA §§ 1692b and 1692c

41. The Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

42. Defendant NORTHSTAR LOCATION SERVICES, LLC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

Case 1:20-cv-03848-JPB-JSA   Document 1   Filed 09/17/20   Page 7 of 12

43. The collections calls to Plaintiff's brother are "communication[s]" as that term is defined by 15 U.S.C. § 1692a(2).
44. Defendant NORTHSTAR LOCATION SERVICES, LLC failed to state that it was confirming or correcting location information concerning Plaintiff when it made its calls to Michael LaChance in violation of FDCPA § 1692b(1).
45. Defendant NORTHSTAR LOCATION SERVICES, LLC stated that Plaintiff owed a debt when it made its calls to Michael LaChance in violation of FDCPA § 1692b(2).
46. Defendant NORTHSTAR LOCATION SERVICES, LLC called Michael LaChance more than once without being requested to do so, without reasonable belief that the earlier responses of Michael LaChance were erroneous or incomplete and that Michael LaChance then had correct or complete location information, in violation of FDCPA § 1692b(3).
47. Plaintiff's brother Michael LaChance is a "third party" as that term is defined by 15 U.S.C. § 1692c.
48. Michael LaChance is not, nor was he ever, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.
49. Neither the Plaintiff nor any court of competent jurisdiction ever gave Defendant NORTHSTAR LOCATION SERVICES, LLC consent or permission to contact Michael LaChance about the Debt.
50. Defendant NORTHSTAR LOCATION SERVICES, LLC called Michael LaChance multiple times about the Debt in violation of FDCPA § 1692c(b).

Page **7** of **12**

## COUNT II
## Violation of FDCPA § 1692f

51. Defendant NORTHSTAR LOCATION SERVICES, LLC used unfair or unconscionable means to attempt to collect the Debt in violation of 15 U.S.C. § 1692(f) by intentionally embarrassing Plaintiff so that he would pay them to make them stop.

## COUNT III
## Violation of FDCPA §§ 1692e and 1692g

52. In the Dunning Letter, Defendant NORTHSTAR LOCATION SERVICES, LLC stated that "[i]f you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."

53. Plaintiff followed the instructions in the Dunning Letter when he had his attorney send the Validation Letter, which was both sent and received within 30 days of the Dunning Letter.

54. Defendant NORTHSTAR LOCATION SERVICES, LLC violated FDCPA § 1692(g) by failing to respond to the Validation Letter.

55. Defendant NORTHSTAR LOCATION SERVICES, LLC's failure to respond to the Validation Letter further renders their statement that they will mail a copy of the verification to Plaintiff a false or misleading statement in violation of FDCPA § 1692(e).

## COUNT IV
## Violation of the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390, *et seq*.

56. Plaintiff incurred the Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

57. Defendant BARCLAYS BANK DELAWARE is liable for the debt collection activities of Defendant NORTHSTAR LOCATION SERVICES, LLC.

58. Defendants do not maintain a place of business or keep assets within the State of Georgia

59. Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

60. Defendants' actions and omissions violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. as detailed above.

61. A violation of the Fair Debt Collection Practices Act is also a violation of Georgia's Fair Business Practices Act. *See 1st Nationwide Collection Agency v. Werner*, 288 Ga. App. 457, 458-60 (2007).

62. Defendants' attempt to collect the Debt by harassing Plaintiff's brother was unfair or deceptive.

## DAMAGES

63. As result of Defendant NORTHSTAR LOCATION SERVICES, LLC's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant NORTHSTAR LOCATION SERVICES, LLC.

64. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

65. As a direct consequence of Defendants' acts and omissions, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, mental anguish, fear, frustration, embarrassment, and other damages in an amount to be proven at trial.

66. As a direct consequence of Defendants' acts and omissions, Plaintiff has incurred the cost of hiring legal counsel to determine the status of the Debt and defend against collection of the Debt.

67. Defendants' failure to comply with the Georgia Fair Business Practices Act provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, Plaintiff is entitled to damages plus reasonable attorney's fees.

68. Defendants acted willfully and with malice, wantonness, oppression, or with that entire want of care which would raise the presumption of conscious indifference to the consequences of its actions, entitling Plaintiff to an award of punitive damages in an amount to be determined at trial.

WHEREFORE, PLAINTIFF prays for the following relief:

(a) Judgment finding Defendant NORTHSTAR LOCATION SERVICES, LLC liable for violations of the Fair Debt Collection Practices Act and the Georgia Fair Business Practices Act;

(b) Judgment finding Defendant BARCLAYS BANK DELAWARE liable for violations of the Georgia Fair Business Practices Act;

(c) Actual damages pursuant to 11. U.S.C. § 362(k), 15 U.S.C. § 1692(k)(a)(1), and O.C.G.A. § 10-1-399(a);

(d) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692(k)(a)(2);

(e) Treble damages pursuant to O.C.G.A. § 10-1-399(c);

(f) Costs of litigation and reasonable attorney's fees pursuant to 11. U.S.C. § 362(k), 15 U.S.C. § 1692(k)(a)(3), and O.C.G.A. § 10-1-399(d);

(g) Punitive damages pursuant to 11. U.S.C. § 362(k) and O.C.G.A. § 10-1-399(a); and

(h) For such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: September 17, 2020.

Respectfully submitted,

| | |
|---|---|
| 2194 North Road | /s/ Brandon K. Honsalek |
| Snellville, GA 30078 | Brandon K. Honsalek |
| Phone: 404-913-6992 | Georgia Bar No. 742962 |
| Fax: 470-745-4141 | Honsalek Law, LLC |
| Email: brandon@honsalek.com | *Attorney for Plaintiff* |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

                                                Respectfully submitted,

2194 North Road                    /s/ Brandon K. Honsalek
Snellville, GA 30078             Brandon K. Honsalek
Phone: 404-913-6992            Georgia Bar No. 742962
Fax: 470-745-4141                Honsalek Law, LLC
Email: brandon@honsalek.com    *Attorney for Plaintiff*